HARRY J. GOAS,<br>
*Deputy Commissioner.*

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

MICHELE RIZZO AND TERESA DEVITA RIZZO, BY MARIO VATTANI, ROYAL VICE CONSUL OF ITALY, INTERVENING ON THEIR BEHALF, PETITIONERS, v. KOLMAN LIEB AND GEORGE DASHEVSKY, PARTNERS, TRADING AS LIEB & DASHEVSKY, RESPONDENTS.

For the petitioners on claim No. 7412, *Whiting & Moore.*

For the petitioners on claim No. 7018, *Archie Elkins.*

For the respondents, *Collins & Corbin.*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

I do find and determine from the evidence taken in this case as follows, to wit:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

*Third.*—That said Domenico Rizzo, while working as a laborer for said respondents at 19 Pingry Place, Elizabeth, New Jersey, on February 4th, 1927, was knocked down an elevator shaft in a building under construction, and died as a result thereof. Said accident arose out of and in the course of said employment.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

*Seventh.*—That said Domenico Rizzo, at the time of his death, was a subject of Victor Emanuel III, King of Italy.

*Eighth.*—That Michele Rizzo, the father of said Domenico Rizzo, and Teresa Devita Rizzo, the mother of said Domenico Rizzo, were both totally dependent upon said Domenico Rizzo, and both reside in Italy.

*Ninth.*—And I having determined that Michele Rizzo, Tony Rizzo, Frank Rizzo, Teresa Rizzo, Ida Rizzo and Lena Rizzo, nephews and nieces of the said Domenico Rizzo, deceased, were also dependent upon him, as by the determination under said claim petition No. 7018 more fully appears; and it appearing that the total compensation rate to which all of said dependents, in both cases, are entitled, is $17 per week; upon due consideration of all of the evidence, I do find and determine that said compensation of $17 per week should be divided and paid one-half to the petitioners in this case, that is to say, Michele Rizzo and Teresa Devita Rizzo, and the other half to or on behalf of the petitioners under said claim petition No. 7018, so that the petitioners, namely, the said Michele Rizzo and Teresa Devita Rizzo, shall be paid the sum of $8.50 per week for three hundred weeks, beginning February 4th, 1927.

*Tenth.*—That petitioners in this case are entitled to costs expended for the taking of depositions in Italy in the sum of $11.78, and $5 paid for stenographer's attendance fee, making total costs of $16.78 and to a counsel fee.

*Eleventh.*—It appearing that article XVII of the consular convention, concluded May 8th, 1878 (20 *U. S. Stat.*

725, 732), between the United States and the Kingdom of Italy, provides as follows:

"Article XVII. 'The respective consuls general, consuls, vice-consuls and consular agents, as likewise the consular chancellors, secretaries, clerks or attaches, shall enjoy in both countries all the rights, prerogatives, immunities and privileges which are or may hereafter be granted to the officers of the same grade, of the most favored nation.' "

And that article XXV of the treaty between the United States and Germany, proclaimed October 14th, 1925 (44 *Stat.* (*Part* 3) 2132), provides as follows:

"Article XXV. A consular officer of either high contracting party may, in behalf of his non-resident countrymen, receipt for their distributive shares derived from estates in process of probate or accruing under the provisions of so-called Workmen's Compensation laws or other like statutes provided he remit any funds so received through the appropriate agencies of his government to the proper distributees, and provided further that he furnish to the authority or agency making distribution through him reasonable evidence of such remission."

So that Mario Vattani, Royal Vice-Consul of Italy, at Newark, New Jersey, under the terms of the most favored nation clause contained in article XVII of said treaty with Italy, is entitled to the rights, privileges and prerogatives expressly extended by the United States to consuls and other like officers of the Republic of Germany, by virtue of the terms and provisions of said treaty between the United States and Germany, and is entitled to receipt for moneys accruing to his non-resident countrymen, under the provisions of Workmen's Compensation laws or other like statutes.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

HARRY J. GOAS,
*Deputy Commissioner.*